United States District Court
District of Massachusetts

|  |  |
|---|---|
| **Strike 3 Holdings, LLC,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**John Doe,** )<br>)<br>Defendant. )<br>) | Civil Action Nos.<br>24-cv-12176<br>24-cv-12179 |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court are identical motions in two separate cases filed by plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "plaintiff"). They seek extensions of time to effectuate service of process against defendants, John Doe ("defendants"), pursuant to Fed. R. Civ. P. 4(m). For the following reasons, the motions (Docket Nos. 10) will be allowed, in part, and denied, in part.

In August, 2024, plaintiff filed two identical complaints against defendants, two unknown individuals with assigned Internet Protocol ("IP") addresses of 24.63.248.193 and 24.91.167.203. Strike 3, a producer and distributer of pornographic films, alleges that each defendant infringed on its copyrights by downloading and distributing its films. In September, 2024, plaintiff moved for leave to serve identical

- 1 -

third-party subpoenas on Comcast, the Internet Service Provider ("ISP") which hosts defendants' IP addresses, in order to obtain defendants' personal identifying information ("PII"). On November 7, 2024, Magistrate Judge Jessica Hedges allowed the motion, and plaintiff issued the subpoena the following day.

Now, plaintiff moves for a lengthy extension of time (more than three months) to complete service of process upon each defendant. Plaintiff explains that it doesn't expect to receive the ISP's response to the subpoena until early January, 2025, and that it will need 60 days thereafter to complete service.

Under Fed. R. Civ. P. 4(m), plaintiffs are afforded 90 days to affect service of process on the defendant. If a plaintiff is unable to complete service within that time, as plaintiff claims here, it may request the Court to extend the time for service for "an appropriate period," for good cause shown. Id.

Here, after careful consideration of the facts presented in plaintiff's motion, the Court concludes that a 102-day extension is more than necessary. Plaintiff is no stranger to litigation against "John Doe" defendants, and the subject cases are only two of nearly 10,000 similar lawsuits. See Strike 3 Holdings, LLC v. Doe, No. 3:24-CV-1346 (VAB), 2024 WL 4188505, at *3 (D. Conn. Sept. 13, 2024) (discussing plaintiff's litigious history). The cases follow a nearly identical pattern: plaintiff files suit against an unknown defendant, moves to

serve a third-party subpoena on the ISP host, and then seeks an extension of the deadline to effectuate service on that defendant. See id. Despite its familiarity with this process, plaintiff in both cases waited weeks after filing the complaints to move for discovery. See Diaz-Rivera v. Supermercados Econo, Inc., 22 F. Supp. 3d 146, 152 (D.P.R. 2014) (requiring "diligence" in ascertaining name of John Doe defendant).

Moreover, the extension plaintiff seeks is in excess of what other courts have found appropriate. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 4:22-CV-565-ALM, 2023 WL 3956948, at *2 (E.D. Tex. June 12, 2023) (granting 60-day extension under Rule 4(m)); Strike 3 Holdings, LLC v. Doe, No. 1:20-CV-01396 EAW, 2021 WL 545819, at *3 (W.D.N.Y. Jan. 28, 2021) (same); see also, e.g., Strike 3 Holdings, LLC v. Doe, No. 20CIV4501WFKVMS, 2021 WL 535218, at *7 (E.D.N.Y. Feb. 12, 2021) (granting extension under Rule 4(m) to 30 days after period to quash discovery order expired). The extensions of time will therefore be limited to 60 days and service will be completed on or before January 27, 2025.

## ORDER

For the foregoing reasons, the motions (Docket No. 10) are **ALLOWED**, in part, and **DENIED**, in part. The time for plaintiff to effectuate service is extended for sixty (60) days, service will be completed by January 27, 2025.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated:  November 25, 2024